## In the Supreme Court of Pennsylvania.

### LAUBACH *v.* LAUBACH.

The question whether the stock was tendered to defendant within a reasonable time after it was discovered to be worthless, the transaction being between parties unaccustomed to stock dealing, was left to the jury. *Held*, not to be error.

**Error to Common Pleas of Lehigh county.**

Opinion delivered March 23, 1874, by

GORDON, J. This case is similar in all its general features to that of Laubach *v.* Laubach, in which the opinion of this court was delivered by our brother Sharswood on the 27th of March, 1873. In that opinion the eighth and ninth exceptions of the present case are fully met and disposed of. The questions put to the defendant were relevant and material.

He denied having sold the stock to the plaintiff, and produced his son Frank to prove that he was the one through whom the sale was effected, and that he was the agent who controlled this mining stock in that neighborhood. By this kind of proof he undertook to convince the jury that he had nothing whatever to do with the transactions. In view of this, it was certainly proper to inquire of him if he had not said that he had reserved twenty thousand dollars of this stock for the Laubach connection, that he had represented it as good stock, paying large dividends, and that he would guarantee it. This evidence was admissible, not indeed to prove what were his contracts with others (and the learned judge of the court below carefully so instructed the jury), but to show that he was the agent for the sale of this stock, and also for the purpose of laying the ground for his contradiction. Neither can we discover error in the ruling of the court on the eight exceptions raised on the questions put to Frank Laubach. All these were designed to test his knowledge of the transactions about which he swore, to show his complicity with his father to defraud the plaintiff, and to lay the ground for his contradiction.

The exceptions to the charge all revolve about one point, and we have no doubt that the court's solution of that point was correct. The complaint is that the court permitted the jury to find whether or not the tender of the stock was made to the defendant in a reasonable time after the discovery that it was worthless, instead of determining that question as a matter of law. But in face of the evidence, the court could not refuse to do so. This was not a transaction between dealers in stocks, who buy and sell with reference to the almost daily rise or fall in the market, but the dealing between the plaintiff and defendant had reference to the stock as a permanent investment, and to what it would produce in the way of annual interest. Looking at the matter from this stand-point, the stand-

point of the parties, and certainly one year was not an unreasonable time in which to ascertain what interest the stock would pay. If there was a longer delay, one which *prima facie* was unreasonable, it was for the jury to determine whether or not that delay was produced by the acts of the defendant, and if, as the jury found, he persuaded the plaintiff to wait from time to time, and thus test this barren subject still farther, it is ungracious in him now to complain of a result produced by himself.

Judgment affirmed.